UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                                )
BUNARITH TEP, Personal Representative )
of the Estate of Justine Tep,             )
                                                )
      Plaintiff,                          )
                                                )
v.                                            )   Civil Action No. 13-11887-LTS
                                                )
SOUTHCOAST HOSPITALS GROUP,  )
INC., et al.,                                )
                                                )
      Defendants.                       )
_____)

ORDER ON DEFENDANT SPINDLER'S MOTION FOR SUMMARY JUDGMENT
(DOC. No. 108) AND SETTING REMAND MOTION BRIEFING SCHEDULE

January 15, 2015

SOROKIN, J.

      Defendant Peter B. Spindler seeks dismissal of the claims against him, invoking a Massachusetts statute granting immunity from liability to emergency medical services ("EMS") personnel "who in the performance of their duties and in good faith render emergency first aid, cardiopulmonary resuscitation, transportation, or other EMS, to an injured person . . . ." Mass. Gen. Laws ch. 111C, § 21; see Doc. Nos. 108, 109. The plaintiff opposes Spindler's motion. Doc. No. 117. The parties were heard on the motion during a hearing on January 13, 2015. Doc. No. 120. Because genuine issues of material fact exist as to the application of the state immunity statute to the circumstances of this case, and because those issues cannot be resolved on the record as it presently stands, Spindler's motion is DENIED without prejudice to his raising the immunity question in an appropriate motion after the close of discovery and/or at trial.

      During the January 13, 2015 hearing, the parties advised the Court that an agreement has

been reached to settle the plaintiff's claim against defendant Southcoast Hospitals Group, Inc. under the Emergency Medical Treatment and Active Labor Act ("EMTALA"), 42 U.S.C. § 1395dd. According to counsel, signatures were being collected on the finalized releases. With the settlement of the EMTALA claim, all that remains in the case are a series of state-law negligence claims. See generally Doc. No. 20. Although the Court has supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367(a), it may decline to exercise such jurisdiction if the federal claim is eliminated from the action. See § 1367(c)(3). Southcoast's counsel, who also represents defendant John B. Medeiros, stated he might file a motion to remand the remaining claims to state court, but did not specify when he might do so.

It is hereby ORDERED that any party wishing to seek remand in light of the settlement with Southcoast shall file an appropriate motion no later than February 13, 2015. Any oppositions to such motions shall be filed no later than February 27, 2015.

SO ORDERED.

/s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge